**Willie CUNNINGHAM, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 18634.**

United States Court of Appeals District of Columbia Circuit.

Argued Sept. 23, 1964.

Decided Dec. 3, 1964.

Mr. T. Emmett McKenzie, Washington, D. C. (appointed by the District Court), for appellant.

Mr. Frank Q. Nebeker, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., and Joel D. Blackwell, Asst. U. S. Atty., were on the brief, for appellee.

Before DANAHER, WRIGHT and McGOW-AN, Circuit Judges.

DANAHER, Circuit Judge.

Appellant was convicted of manslaughter. During an altercation on November 22, 1963, appellant by a heavy blow had felled his common law wife and then had brutally kicked and stamped upon the prostrate woman. The next evening after the appellant had called the police, officers found the woman "cold and stiff." Appellant then explained to the officers how he had beaten the victim. Despite his incriminatory admissions which clearly established probable cause, the police did not then place him under arrest for they chose to await a coroner's report.

The following day the coroner concluded that the cause of the woman's death was an embolism resulting from a beating so severe that her tissues had been caused to liquefy. On the 24th, the appellant was arrested and was taken, not to a committing magistrate but to the office of the Homicide Squad. There a written statement was prepared, and the appellant was thereafter booked. Over objection by the Government as well as by the appellant, the trial judge insisted that the written statement be introduced in evidence and his ruling in that particular is the basis of this appeal. The circumstances will next be shown.

■ At the trial the appellant's oral admissions of November 23, 1963, were properly received in evidence against him.[1] After both sides had rested the trial judge denied a motion for acquittal. The case was about to be submitted to the jury when the trial judge learned of the existence of the written statement. He demanded that the case be reopened and that the Government place the written statement in evidence. Recognizing its dubious status, the prosecutor had not previously offered that statement and had made no use of it.[2]

The trial judge stated that the Government should use the

"signed statement in order to bring a test case. I think it is the duty of the United States Attorney * * * to back up these matters, and if he gets an unfavorable ruling by the Court of Appeals to take a test case to the Supreme Court, because the circuits are at loggerheads as to

what constitutes undue delay under the Mallory Rule. * * * We need one of two things on the Mallory case: We need legislation or a definitive ruling from the Supreme Court, because while the Supreme Court has held that a confession or an admission obtained during a period of unnecesary delay between arrest and presentation before a committing magistrate is inadmissible, there is no definition of what is unnecessary delay."

The trial judge announced that unless the statement were offered in evidence, the case would be dismissed. Despite his earlier ruling when he denied the motion for acquittal, the trial judge announced that the appellant's oral admissions "are but a scintilla." He then reopened the case, the Government called as a witness the officer who had prepared the appellant's written statement, and over the appellant's objection, the appellant's written statement was received in evidence and was read to the jury.

■ After careful examination of the entire transcript, we are satisfied that the written confession was erroneously received.[3] That it was highly prejudicial and not merely cumulative is clearly established for after considerable deliberation, the jury sent a note to the court: "We would like to have exhibit No. 2, Cunningham's statement." The confession was sent to the jury. A half hour later the jury returned its verdict.

Reversed.

WRIGHT, Circuit Judge, concurs in the result.

1. There was no suggestion to the contrary in appellant's brief. During oral argument here, his counsel contended for the first time that the oral admissions had been erroneously received. Cf. United States v. Mitchell, 322 U.S. 65, 70, 64 S.Ct. 896, 88 L.Ed. 1140 (1944); Long v. United States, 119 U.S.App.D.C. ——, 338 F.2d 549 (Decided Oct. 22, 1964).

2. He had shown the statement to opposing counsel and informed the court "that if we can get away from signed statements, we will do so."

3. Naples v. United States, 113 U.S.App. D.C. 281, 307 F.2d 618 (en banc, 1962); cf. Killough v. United States, 114 U.S. App.D.C. 305, 315 F.2d 241 (en banc, 1962).